**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. 4:23-CR-00525 (S1)** |
| | § | |
| **SOHAIB ABUAYYASH** | § | |
|    **Defendant.** | § | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

NOW COMES the United States Attorney for the Southern District of Texas, Alamdar S. Hamdani, through the undersigned Assistant United States Attorneys, and respectfully requests this Honorable Court to give the following proposed jury instructions in this case:

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

BY:   */s/ Steven Schammel*
       Steven Schammel
       Michael Day
       Assistant United States Attorneys
       Texas Bar No. 24027141
       Southern District of Texas
       1000 Louisiana, Ste. 2300
       Houston, Texas 77002
       Ph. (713) 567-9000
       Fax (713) 718-3300

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.03 (2019).

## **DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.04 (2019).

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all **[and no inference whatever may be drawn from the election of a defendant not to testify].**

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.05 (2019).

4

## **EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

5

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.06 (2019).

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.08 (2019).

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.09 (2019)

## **EXPERT OPINION TESTIMONY**

During the trial you heard the testimony of _____ (*name of expert*) who expressed opinions concerning _____. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.18 (2019).

## **ON OR ABOUT**

You will note that the superseding indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the superseding indictment.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.19 (2019).

## **CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.21 (2019).

12

## <u>CAUTION—PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment

will be. You should not be concerned with punishment in any way. It should not

enter your consideration or discussion.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge
Association, No. 1.22 (2019).

## <u>SINGLE DEFENDANT – MULTIPLE COUNTS</u>

A separate crime is charged in each count of the superseding indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.23 (2019).

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense[s].

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.31 (2019).

## POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.33 (2019).

**SIMILAR ACTS**

You have heard evidence of acts of the defendant which may be similar to those charged in the superseding indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the superseding indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the superseding indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment;

**or**

Whether the defendant had a motive or the opportunity to commit the acts charged in the superseding indictment;

**or**

Whether the defendant acted according to a plan or in preparation for commission of a crime;

**or**

Whether the defendant committed the acts for which he [she] is on trial by

18

accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.32 (2019).

## <u>"KNOWINGLY" – TO ACT</u>

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.41 (2019).

20

## **INTERSTATE COMMERCE – DEFINED**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.44 (2019).

## **FOREIGN COMMERCE – DEFINED**

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.45 (2019).

## <u>COMMERCE – DEFINED</u>

Commerce includes travel, trade, transportation, and communication.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.46 (2019).

## **"AFFECTING COMMERCE" – DEFINED**

"Affecting commerce" means that there is any effect at all on interstate or

foreign commerce, however minimal.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge
Association, No. 1.47 (2019).

## <u>CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF</u> <u>TAPE-RECORDED CONVERSATION</u>

Exhibit _____ has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.48 (2019).

25

## SPECIFIC INSTRUCTIONS

## COUNTS ONE THROUGH FIVE

## 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8)[1]

## POSSESSION OF A FIREARM BY AN ALIEN ILLEGALLY AND UNLAWFULLY IN THE UNITED STATES

Counts One through Five of the superseding indictment charge the Defendant Sohaib Abuayyash, on the dates set forth below, in the Southern District of Texas, who, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce:

**Count One**: a Canik, model TP9 Elite SC, 9 millimeter caliber pistol, on or about September 24, 2023.

**Count Two**: a Bryco Arms, model 59, 9 millimeter caliber pistol, on or about August 6, 2023.

**Count Three**: a Taurus, model 1911, 9 millimeter caliber pistol, on or about August 6, 2023.

**Count Four**: a Mossberg, model 715T, .22 caliber long rifle, on or about August 6, 2023.

**Count Five**: a Radical Firearms, model RF-15, multi-caliber rifle, on or about August 6, 2023.

---

[1] As the Fifth Circuit Jury Instructions do not have a specific instruction for a violation of 18 U.S.C. § 922(g)(5)(A), this instruction is based on Fifth Circuit Jury Instruction 2.43D, which relates to a violation of 18 U.S.C. § 922(g)(1) as well as *Rehaif v. United States*, 588 U.S. ---, 139 S.Ct. 2191 (2019), Fed. Crim. Jury Instr. 7th Cir. 922(g)(5) (2023 ed.) and 27 CFR § 478.11.

Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8), make it a crime for a person, who, being an alien illegally or unlawfully in the United States, knowingly possesses a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That the defendant knowingly possessed a firearm as charged;

*Second*:  At the time the defendant possessed the firearm, the defendant was an alien illegally or unlawfully in the United States.

*Third*:    That the defendant knew he was an alien illegally or unlawfully in the United States; and

*Fourth*: At some time before the defendant possessed the firearm, the firearm was in interstate or foreign commerce, that is, it had traveled at some point from one state or country to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

The government need not prove that the defendant knew that the firearm was "in or affecting" interstate or foreign commerce.  Nor is the government required to establish a link between the defendant and interstate or foreign commerce.[2]

The government does not have to prove that the defendant knew it was a crime to possess a firearm as a result of their prohibited status.[3]

An alien is any person not a citizen or national of the United States.  Aliens who are unlawfully in the United States are not in valid immigrant, nonimmigrant, or parole status.  This term includes a person who unlawfully entered the United States without inspection and authorization by immigration; who is not an immigrant and whose authorized period of stay has expired or who has violated the terms of admission; who is under an order of deportation, exclusion or removal, or who is under an order to depart the United States voluntarily.[4]

---

[2] Pattern Jury Instruction, Criminal, Fifth Circuit, § 2.43D, Note at 267, citing *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019); *United States v. Bass*, 92 S. Ct. 515, 522 (1971).

[3] *United States v. Trevino*, 989 F.3d 402, 405 n. 4 (5th Cir. 2021) (citing *United States v. Maez*, 960 F.3d 949, 954-55 (7th Cir. 2020); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020), additional citations omitted.

[4] *See* Fed. Crim. Jury Instr. 7th Cir. 922(g)(5) (2023ed.); 27 C.F.R. 478.11 (definition of "alien illegally or unlawfully in the United States.").

## <u>DUTY TO DELIBERATE</u>

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the superseding indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. [Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.26 (2019)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. 4:23-CR-525 (S1)** |
| | § | |
| **SOHAIB ABUAYYASH** | § | |
| | § | |
| **Defendant.** | § | |

## <u>VERDICT FORM</u>

With respect to **Count One,**

We the jury find the defendant _____Guilty _____Not Guilty


With respect to **Count Two**,

We the jury find the defendant _____Guilty _____Not Guilty


With respect to **Count Three**,

We the jury find the defendant _____Guilty _____Not Guilty


With respect to **Count Four,**

We the jury find the defendant _____Guilty _____Not Guilty

With respect to **Count Five**,

We the jury find the defendant     _____Guilty     _____Not Guilty

Executed in Houston, Texas.

Dated_____ Signed   _____
                                    Foreperson of the Jury

32

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing Government's requested jury instructions was sent via ecf email to all counsel of record on this 13th day of February 2024.


<u>*/s/ Steven Schammel*</u>
Assistant United States Attorney