IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                                    **4:23cr525**

**SOHAIB ABUAYYASH**

**DEFENDANT'S OBJECTION REGARDING
DELIBERATE IGNORANCE JURY INSTRUCTION**

The defendant, SOHAIB ABUAYYASH, the Federal Public Defender, objects to the government's belated requested jury instruction on deliberate ignorance, for the reasons that follow:

I.

In the commentary to the government's requested instruction, Fifth Circuit Pattern Jury Instruction (Criminal) No.1.42, the Fifth Circuit advises that the deliberate ignorance instruction "should rarely be given." *See United States v. Araiza-Jacobo*, 917 F.3d 360, 366 (5th Cir. 2019); *United States v. Richard*, 922 F.3d 639, 655 (5th Cir. 2019) (quotation omitted). The Fifth Circuit adds that the instruction is "properly given if the evidence shows that "(1) the defendant was subjectively aware of a high probability of the existence of illegal conduct; and (2) the defendant purposefully contrived to avoid learning of the illegal conduct." *See*

1

United States v. Oti, 872 F.3d 678, 697 (5th Cir. 2017). *See also Araiza-Jacobo*, 917 F.3d at366.

The danger of the deliberate ignorance instruction is that "once a jury learns that it can convict a defendant despite evidence of a lack of knowledge, it will be misled into thinking that it can convict based on negligent or reckless ignorance rather than intentional ignorance." *Araiza-Jacobo*, 917 F.3d at 366 (quoting Oti, 872 F.3d at 697). "This would dilute the mens rea requirement to a weak 'should have known' standard, which eviscerates the law's requirement that the defendant acted 'knowingly.'" *Id. United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990). "The proper role of the deliberate ignorance instruction is not as a backup or supplement in a case that hinges on a defendant's actual knowledge." *United States v. Kuhrt*, 788 F.3d 403, 417 (5th Cir. 2015).

II.

The facts in this case do not clearly support a high probability of illegal conduct and a purposeful contrivance to avoid learning of the illegal conduct. Mr. Abuayyash's possession of firearms certainly did not put him on notice that his conduct was illegal. Nor did he consciously contrive to avoid learning the truth. Instead, he relied on documents sent to him by the government, as well as the advice of people he knew. A deliberate ignorance instruction is not warranted in this case.

III.

If a deliberate ignorance instruction is given, the Fifth Circuit recommends a "balancing" instruction stating that the instruction "does not lessen the government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crimes have been satisfied."  *See* Fifth Circuit Pattern Jury Instruction, No. 1.42, commentary (quoting *United States v. Vasquez*, 677 F.3d 685, 695-96 (5th Cir. 2012) (other citation omitted)).

For the foregoing reasons, Mr. Abuayyash, respectfully requests that the Court deny the government's requested jury instruction on deliberate ignorance.

                                                Respectfully submitted,

                                                MARJORIE A. MEYERS
                                                Federal Public Defender
                                                Southern District of Texas No. 3233
                                                Texas State Bar No. 14003750

                                                By /s/ Amr A. Ahmed
                                                AMR A. AHMED
                                                Assistant Federal Public Defender
                                                Southern District of Texas No. 3088803
                                                Virginia State Bar No. 81787
                                                440 Louisiana, Suite 1350
                                                Houston, TX 77002-1056
                                                     Telephone:  713.718.4600
                                                     Fax:              713.718.4610

## CERTIFICATE OF SERVICE

I certify that on February 27, 2024, a copy of the foregoing Defendant's Objection Deliberate Ignorance Jury Instruction was served by Notification of Electronic Filing and by electronic mail to the office of Assistant United States Attorney Steven Schammel and Michael Day.

　　　　　　　　　　　　　　　　　　/s/ Amr A. Ahmed
　　　　　　　　　　　　　　　　　　AMR A. AHMED